IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ACTION BUSINESS SYSTEMS, INC.  :
                               :
v.                             :   Civil No. WMN-03-3562
                               :
GENERAL ELECTRIC CAPITAL       :
        CORPORATION            :

### MEMORANDUM

Before the Court is a motion for judgment on the pleadings filed by Defendant General Electric Capital Corporation (GE Capital). Paper No. 52.[1] The motion is fully briefed. Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be granted.

The facts giving rise to this action have been set forth in some detail in previous opinions of this Court, see Paper Nos. 23 (May 18, 2004, Mem. Op.) and 49 (April 26, 2005, Mem. Op.), and a

---

[1] Also pending is a motion for sanctions filed by GE Capital. Paper No. 57. A similar motion was filed in a companion case to this case, Civil Action No. WMN-03-3561. The oppositions to those motions were due on September 12, 2005. ABS's counsel requested, and was granted, an extension until September 21, 2005, to file his oppositions. That date came and went and no oppositions were filed.
   The Court has significant concerns regarding ABS's counsel's disregard of its obligations throughout the course of this litigation. The Court is also concerned about how these cases can be brought into a posture to be ready for their November trial dates, given that the briefing of summary judgment motions has been delayed pending a ruling on the motions for sanctions. **To address these and other concerns, a conference with counsel will be held in chambers on Wednesday, October 5, 2005, at 9:30 a.m.**

full recitation of that factual and procedural background will not be repeated here.  Briefly, however, this action relates to what Plaintiff Action Business Systems, Inc. (ABS) alleges was a "global agreement" entered into in May of 1996 between itself, the University of Maryland Medical Systems, Inc. (UMMS), Toshiba America Information Systems (Toshiba), and GE Capital for the provision of office copiers to UMMS.  Under ABS's understanding of this global agreement, the copiers would be transferred from Toshiba to GE Capital, and GE Capital would, in turn, lease them to UMMS.  ABS was to provide the maintenance services for the machines.  ABS asserts that under the terms of the global agreement, GE Capital would pass along to ABS $0.008 of the $0.015 per copy that GE Capital was to receive from UMMS.  It is this aspect of the global agreement that ABS alleges was breached and that is the central focus of the Amended Complaint.  While it is undisputed that GE Capital remitted approximately $1,000,000.00 to ABS, ABS alleges that under the terms of the global agreement, an additional $726,544.00 is owed.

The Amended Complaint includes a claim for "Breach of Contract" (Count I), but also includes claims for "Breach of Implied Contract" (Count II), "Breach of Implied by Fact Contract" (Count III), "Quantum Meruit/Breach of Quasi Contract/Unjust Enrichment" (Count IV), "Intentional Interference With Business and Economic Relationship" (Count V), "Intentional Interference with Contract" (Count VI), and "Conversion" (Count VII).  Shortly after the filing of the Amended Complaint,

2

Defendant moved to dismiss all claims.  As to all but the breach of contract claim, Defendant argued that the existence of the contract alleged in the breach of contract claim barred ABS's recovery on any of its alternative theories of recovery.  In ruling on the motion to dismiss, the Court noted that the existence of a contract was itself a matter of dispute, and held "[u]ntil such time as [GE Capital] acknowledges the existence of its contractual obligations to ABS in a manner which is binding upon it, the Court will allow ABS to continue to pursue alternative theories of recovery."

After the Court denied, for the most part,[2] GE Capital's motion to dismiss, GE Capital filed an answer to the Amended Complaint.  Defendant characterizes its Answer as "admitt[ing] the existence of an express contract (the 1998 Program Agreement) giving rise to GE Capital's contractual obligation to remit to [ABS] certain portions of the lease payments received from [UMMS]."  Mot. 2.  On the basis of this admission and referencing the above quoted language from this Court's previous opinion, Defendant has moved for judgment on the pleadings as to Counts II through VII.

ABS readily acknowledges that under Maryland law, "'no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the

---

[2] The Court granted the motion in part, concluding that portions of any claim based upon payments that should have been made more than three years prior to the filing of the complaint were time barred.  April 16, 2005, Mem. Op. 6.

3

quasi-contractual claim rests.'"  Opp'n 5 (quoting Swedish Civil Aviation Admin v. Project Mgmt. Enter., 190 F. Supp. 2d 785 (D. Md. 2002) (quoting County Comm'rs v. J. Roland Dashiell & Sons, Inc., 358 Md. 83, 94 (2000))).  To avoid the application of this rule and the entry of judgment for GE Capital on its quasi-contract claims, ABS complains that the agreements admitted by GE Capital fail to "set forth the specific manner in which [ABS] was to get paid."  Without disputing that the 1998 Program Agreement is a valid agreement, ABS avers that "there are other factors outside of the '1998 Program Agreement' (admitted to by GE Capital) which define the relationship between [GE Capital] and [ABS]."  Opp'n 8.  ABS specifically points to the "global agreement," the agreement upon which the substance of Plaintiff's contract claim is based and into which GE Capital repeatedly denies having entered.  See Answer ¶¶ 3-5, 8, 10, 18.[3]

It may well be that ABS will be able to demonstrate that there are additional agreements or contracts relevant to GE Capital's obligation to ABS.  Regardless of that possibility, however, there is no dispute that there is a contract governing the relationship, whatever its scope.  Thus, under Maryland law, ABS will recover damages, if at all, under contact, and not under

---

[3] ABS also argues that the determination as to whether its claim will sound in contract or quasi-contract must wait "[u]ntil such time as discovery is completed, and the entire factual basis for the claim is present."  Opp'n 8.  The Court notes, however, that the time for initiating discovery has long passed.  Furthermore, as detailed in GE Capital's unopposed motion for sanctions, it is clear that ABS made no effort to take discovery when the opportunity was available.

any quasi-contract or tort theory.  Accordingly, all but ABS's contract claim must be dismissed.

A separate order consistent with this memorandum will issue.

                                        /s/
                            _____
                            William M. Nickerson
                            Senior United States District Judge

Dated: September 28, 2005